## ABRAHAM CONWELL'S LESSEE v. JOHN CONWELL [et al].

Supreme Court. [Sussex.] October, 1795.

*Wilson's Red Book, 77.*\*

*Miller* and *Peery* for plaintiff. *Bayard* and *Ridgely* for defendants.

Defendants offered a deposition of Anthony Havilo taken in 1745 *ex parte* before Jacob Phillips, Esquire—the handwriting was Shepherd Kollock's and was recorded—to prove the signer of a deed dated 1727 was under age when it was signed.

Plaintiff's [counsel] objected it was a voluntary affidavit and no cause depending (the witness could not have been indicted for perjury, Gilb.Evid. 39, 47), and read 1 Morg.Ess. 115, 117, 123.

Defendants. This is traditionary evidence, and such evidence as to boundary and pedigree is admissible. This case admits of no better evidence. We could not prove this fact otherwise than by hearsay, and certainly being sworn to does not make it inadmissible. Its antiquity gives it validity.

Plaintiff. On an objection to a deposition, it is immaterial what is the subject matter of the deposition, the objection is that the deposition is *ex parte;* this would be to subject the rules of evidence which ought to be fixed, solely to the judge's discretion.

---

\* This case is also reported in *Bayard's Notebook, 112.*

PER CURIAM. Traditional proof of pedigree is admissible. It was the mode formerly of doing business to record a variety of things, they had no authority to record. In 1727 (1 Body Laws 55) societies are allowed to record births to establish pedigree. The Justice should have given notice to all the parties concerned. The paper cannot be read.

Plaintiff claimed under William Conwell, insisting John Conwell took an estate under William Cornwallis's will dated March 24, 1727-8, which gives an estate for life to testator's widow in all his real and personal estate. Item: "I give unto my daughter-in-law H. C. £100 to be paid after her mother's decease & the remainder to my son-in-law John Conwell and his heirs forever but the land he is to enjoy only for life if he hath no issue then to my son-in-law William Conwell & the heirs of his body lawfully begotten & for want of such issue then to revert & fall to my heirs at Common Law forever." John takes an estate tail, but defendants will urge he took a fee simple and the residue of the words [creates] an executory devise. It cannot be an executory devise because to take effect upon an indefinite failure of issue. Real and personal estate is devised to John and his heirs forever; then the limitation over to one who would be heir make[s] it an entail, Talb. 1, Str. 850, Salk. 234, Cowp. 234, and the devise for life etc. does not alter the case. Fearne Rem. 80. (*Vide* Fearne Rem. 262, 351, 306, 307.)

Defendants state the only question is whether the contingency is to happen within such a time as will allow an executory devise, or whether the time is indefinite. 2 Bl.Comm. 172 defines an executory devise, 3 Term 143, to P. Dobbin and his heirs, and if he happen to die leaving no issue behind him remainder over. P. D. took a fee. *Vide* Fearne Rem. 352, 355.

Charge to the jury. READ, C. J. The Court are united in the opinion I give. The only question is on the devise in the will of William Cornwallis; it is a question of law and it is our duty especially to declare what the law is. 3 Wils. 142. The cases in the books may serve to guide us as to general rules. 8 Vin.Abr. 182 pl. 15. The rules laid down are to be observed as to exposition of wills, pl. 24. The meaning of testator is to be spelled out by little hints. Hob. 75. Sentences are transposed to preserve the meaning of wills. The first words in the devise to John Conwell give an absolute estate in fee simple, but they may be construed by subsequent words. The words in the will are that he is to have an estate only for life if he has no issue. If the estate to John was an estate in fee, then the words he was to have the estate only for life are without meaning. The estate was an exec-

utory devise in John, if he had no issue at the time of his death. The Court are led into this construction from the strong argument that the testator understood the technical words proper to give an estate tail and an estate in fee. Having used different words, he must have had different meanings. Devisee must have had issue at the time of his death. The having had issue which died in his life time would not have defeated the devise over.

Verdict for defendant.

*N. B.* I think this direction wrong, for if John takes by executory devise, where is the fee upon which it is limited? At any rate his future interest (if such he could have) is supported by a freehold, to wit, his life estate, and then it is a contingent remainder.